LE GRAND M. ANWAY, as Executor, etc., of MARY A. ANWAY, Deceased, Respondent, v. HENRY J. DAVID, Appellant.

*Supplementary proceeding — Code, § 292 — Examination of non-resident debtor.*

Under section 292 of the Code a non-resident of this State who had no place of business herein, can only be examined in proceedings supplementary to execution in the county in which the judgment roll was filed.

Where, however, he has a place of business within this State he may be examined in the county in which such business is carried on, if a transcript of the judgment has been filed therein and an execution issued thereon.

APPEAL from an order denying a motion to vacate an order, requiring the defendant to appear and be examined in proceedings supplementary to execution.

*Alexander Ostrander*, for the appellant.

*W. S. Logan*, for the respondent.

BRADY, J.:

Supplementary proceedings were adopted in this case against the defendant by the plaintiff, and the order for the desired examination was granted upon an affidavit which stated, among other things, that the execution was issued to the sheriff of this county where the defendant then had, and still had, a place of business. It was further stated that the defendant was a resident of the State of New Jersey. The judgment roll was filed in Kings county and a transcript of it in this county. The defendant's counsel contends that, being a non-resident of this State, no order for his examination could be granted, unless founded upon an execution issued to and returned by the sheriff of Kings county and unless returnable there; and this view is predicated of his interpretation of the language of section 292 of the Code. The question thus presented is one of construction purely. The Code provides that the order supplementary may be granted when an execution is returned unsatisfied, in whole or in part, issued against the property of the judgment debtor or any one of several debtors in the same judg-

ment, to the sheriff of the county where he resides or has a place of business, or if he do not reside in the State to the sheriff of the county where a judgment roll is filed.

The intention of the legislature in enacting this section seems clearly to have been to allow the examination of a judgment debtor in all cases, whether resident or non-resident, to be had in the county in which he has a place of business.

To this conclusion we are led by the fact of which we can take judicial cognizance, namely, many persons residing out of this State have places of business in it.

When at his place of business, it cannot be oppressive to ask the debtor to appear in his business locality and make the statements contemplated by the supplementary proceeding.

The amendment of the section mentioned by adding the words "or his place of business" in 1858, was designed to embrace such cases, and there is reason, justice and equity in the view thus expressed.

It is equally so, whether founded or not upon judicial cognizance of the presence here of persons for business purposes, and at their places of business, who are non-residents of the State. The creditor should not be subjected to any greater inconvenience than his debtor; and the debtor should not have, by *construction merely*, any particular choice of the place in which he should reveal what property he possesses. Indeed, the former having the judgment in his favor is entitled to the higher consideration in all the given remedies to obtain payment of his claim.

When the debtor does not reside in the State and has no place of business here, then the proceedings must be conducted where the judgment roll is filed. This is the design of the statute and the fair import of its words. The debtor, if then found in this State so that process can be served upon him, cannot be required to appear in any part of its domain, but only where the judgment roll is filed. He is thus protected from transportation from one part of the State to another, or from examination in any part of the State the creditor may choose to select. The result of this consideration of the statute is, that when the debtor is a resident of another State but has a place of business here, he may be examined in the county, if an execution has been issued and returned

here which was based upon a transcript filed here, although the judgment roll was filed in another county.

The statute applies equally to such cases as to those wherein it appears that the debtor, though a resident in some other county in this State, has a place of business here. It is general, and in such cases makes no distinctions. Its provisions relate to judgment debtors generally. The further result is, that the examination of non-residents is confined to the county where the judgment roll is filed, only in the cases where the debtor has no place of business in any county in this State. For these reasons the order should be affirmed, with costs.

Davis, P. J., and Daniels, J., concurred.

Order affirmed, with costs.